**Gary L. McCONNELL, Relator,**

v.

**The Honorable Robert E. MAY, Judge, Respondent.**

No. D–0215.

Supreme Court of Texas.

Oct. 10, 1990.

Rehearing Overruled Jan. 9. 1991.

Gary L. McConnell, Angleton, for relator.

James S. Munson, Wharton, for respondent.

PER CURIAM.

In this original proceeding, Relator Gary L. McConnell (McConnell) seeks a writ of mandamus directing the trial judge to vacate his July 2, 1990 order granting Plaintiff C.D. Blanchard's unverified motion to reinstate. Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of the court conditionally grants the writ of mandamus.

On April 18, 1990, Blanchard's suit against McConnell was dismissed for want of prosecution. On April 24, 1990, Blanchard filed an unverified motion to reinstate. On July 2, 1990, the trial judge granted Blanchard's motion. McConnell argues that the trial judge abused his discretion when he granted Blanchard's *unverified* motion to reinstate. We agree.

"A motion to reinstate shall set forth the grounds therefor and be *verified* by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed...." TEX.R. CIV.P. 165a(3) (emphasis added). A proper motion to reinstate must be verified and filed with the clerk within 30 days of the signing of the order of dismissal. *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex.1986). *See Christopher v. Fuerst,* 709 S.W.2d 266, 268 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *George v. George,* 564 S.W.2d 172, 174 (Tex.Civ.App.—Tyler 1978, no writ); *Matter of Marriage of Parr,* 543 S.W.2d 433, 437 (Tex.Civ.App.—Corpus Christi 1976, no writ). Since Blanchard did not file a verified motion to reinstate within 30 days of the signing of the order of dismissal, the trial court's jurisdiction to reinstate the case expired. *See Butts,* 705 S.W.2d at 697; *Christopher v. Fuerst,* 709 S.W.2d at 268.

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of the court conditionally grants the writ of mandamus. The writ will issue only if the trial judge refuses to act in accordance with this opinion.