TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00197-CV






Jimmy Franklin Kaylor, Appellant



v.



Allen Eli Bell, Steve Spaw, Eugene Fulton, and Texas Air Control Board, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 94-15920, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 







 Jimmy Franklin Kaylor appeals the trial court's dismissal of his suit for want of
prosecution. We will dismiss the appeal for want of jurisdiction.


BACKGROUND (1)


 Kaylor filed suit on December 30, 1994, alleging breach of a settlement agreement
of a prior suit against these appellees. In May 1997, the trial court clerk's office notified Kaylor
that, unless he filed a motion to retain the case before June 11, 1997, his case would be dismissed. 
On May 29, 1997, he filed a motion to retain, alleging that he had offered to mediate the case. 
On August 27, 1997, the court signed an order dismissing the case for want of prosecution. The
order stated that the court had considered the case on June 11, 1997, and that no motion to retain
had been filed.

 After the parties allegedly received notice of this dismissal on September 19 or 20,
1997, the following events occurred:

 

September 30 Kaylor files an unverified motion for reinstatement alleging that the
trial court clerk's office told him that his May motion to retain had
been filed timely and that a computer error had led to the dismissal.


November 19 Kaylor sends notice setting depositions for December 5, 1997.


December 1 Appellees move to dismiss the case and to quash the depositions.


December 2 Kaylor presents motion to reinstate ex parte during an uncontested
docket call; court grants motion.


December 10 Appellees move to declare the reinstatement void, requesting
dismissal of suit with prejudice.



On February 18, 1998, the trial court held a hearing with all parties. In its order following the
hearing, the court found as follows: 


2. Plaintiff did not comply with the provisions of the Local Rules for avoiding
dismissal of his case. In particular, after filing his Motion to Retain Case on
Docket on May 29, 1997, Plaintiff failed to coordinate and accomplish the
alternative dispute resolution requirements set out in Local Rules 11.7 and
11.11 within the time limits provided therein.


3. On September 30, 1997, the date on which the Plaintiff filed his Motion for
Reinstatement, the time limits to accomplish ADR had already expired. Under
these circumstances, our local rules require immediate dismissal of the case. 
Rule 11.11. As such, on September 30, 1997, Plaintiff's case was not entitled
to reinstatement regardless of why a dismissal order had been entered because
Plaintiff had not fulfilled the requirements to avoid dismissal. In addition, the
Motion for Reinstatement was not verified as required by law. On December
2, 1997, when the Order of Reinstatement was presented to Judge Dietz,
Plaintiff had still not complied with the provisions of the Local Rules. No good
cause for such failure had been shown, then, or now.



The court declared void its December 2 reinstatement order and dismissed the case with prejudice. 
Kaylor filed his notice of appeal on March 19, 1998.


ANALYSIS


 Kaylor contends that the issue on appeal is whether a clerical error, which resulted
in the dismissal for want of prosecution of his case, should deprive him of judicial process. He
reasserts his contention that the August dismissal of his cause was based on a computer error. The
appellees respond that his September motion to reinstate was untimely filed and was not verified. 
They request that we dismiss this appeal for want of jurisdiction.

 The August order of dismissal is the final appealable order in this cause. Without
a proper motion that extends the timetables, a trial court loses plenary power over a case thirty
days after the judgment is signed. See Tex. R. Civ. P. 329b. An unverified motion to reinstate
does not extend the trial court's plenary power or extend the time to perfect appeal. McConnell
v. May, 800 S.W.2d 194, 194 (Tex. 1990); see Tex. R. Civ. P. 165a. Even if we count from
September 20, 1997, the date on which Kaylor allegedly received notice of the August 27
judgment, (2) the trial court's plenary power expired October 20, 1997. Thus, the trial court had no
jurisdiction to render the December reinstatement and the February dismissal. The dismissal order
signed August 27, 1997 is the final appealable order.

 Kaylor's notice of appeal was filed too late to perfect appeal of the August order. 
Without a motion extending the timetables (and assuming Kaylor received notice of the judgment
on September 20, 1997), his notice of appeal was due on October 20, 1997, thirty days after the
judgment was signed. Tex. R. App. P. 26.1. Even if we interpret Rule 26.1(a)(3) to allow an
unverified motion to reinstate to extend the timetables, (3) the notice of appeal from the August order
was due no later than December 18, 1997. The maximum fifteen-day extension of the period for
filing the notice of appeal expired January 2, 1997. See Tex. R. App. P. 26.3. Thus, Kaylor's
notice of appeal, filed March 19, 1998, was filed well after the time to appeal the August order
expired. He has not otherwise effectively invoked this Court's jurisdiction.

 Even if the February order were the appealable order, we would affirm the
dismissal for want of prosecution. We review such dismissals for abuse of discretion. State v.
Rotello, 671 S.W.2d 507, 509 (Tex. 1984). Former Travis County District Court Local Rule 11.7
required a party who filed a motion to retain to contact the dispute resolution center, within 30
days from the date of delivering the motion, to arrange for an alternative dispute resolution (ADR)
procedure; the party who filed the motion had to ensure completion of the ADR procedure within
90 days from the date of delivering the motion to retain. Sterling W. Steves, Local Rules of
District Courts in Texas 578 (2d ed., 1995). (4) Under former Local Rule 11.11, the party filing a
motion to retain had to deliver to the Court Administrator's Office, within ninety days after filing
the motion to retain, a document entitled "90 Day Notification" indicating whether an ADR
procedure had been completed and whether the case had settled. (5) Former Rule 11.11 stated that
failure either to deliver the notification or to complete the ADR procedure "shall result in
immediate dismissal of the case unless the court orders it retained upon motion by a party showing
good cause." Id. (6) There is no report of compliance with the ADR requirements or a motion
alleging good cause for noncompliance in the clerk's record.

 Kaylor presents neither argument nor proof challenging the court's findings
regarding his failure to comply with the requirements to arrange, complete, and report the result
of an ADR procedure. He refers in his brief to some attempts to coordinate ADR in April 1997
before filing the motion to retain. He blames appellees for his failure to arrange an ADR
procedure. He does not allege or refer to proof that, after filing the motion to retain, he made any
attempt to arrange ADR as required by Rule 11.11. He does not allege or refer to proof that he
sent the 90-day notification to the Court Administrator as required by Rule 11.11. He does not
allege or refer to proof that he made a motion showing good cause for failure to comply with the
ADR procedures as required by Rule 11.11. The 90-day period for compliance expired on August
27, 1997, and appellant's case was subject to immediate dismissal from that date. There is no
evidence or argument that any error by the clerk's office contributed to Kaylor's failure to comply
with the ADR requirements imposed upon Kaylor's filing of the motion to retain. Although the
cause was subject to summary dismissal, the trial court held a hearing on the matter on February
18, 1998. The court's finding on February 18, 1998 that Kaylor failed to prosecute the case
following his filing of the motion to retain as required by the local rules stands unchallenged and
supports the dismissal for want of prosecution.


CONCLUSION


 We do not base our holding on the merits of the appeal because the notice of appeal
was not timely filed. We therefore must dismiss this appeal for want of jurisdiction.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Dismissed for Want of Jurisdiction

Filed: March 25, 1999

Do Not Publish


* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Our review of the history of the case is drawn in part from the clerk's record and in part
from the statements of facts in the parties' briefs. We can accept as true the facts stated in the
statements of facts in the briefs unless another party contradicts the assertions of fact. Tex. R.
App. P. 38.1(f).
2. There is no indication in the record that Kaylor followed the procedures required to prove
late notice of judgment prescribed by Tex. R. Civ. P. 306a.5.
3. Appellate rule 26.1 does not itself explicitly require that a motion to reinstate be verified. 
Even if we read that rule to allow unverified motions to extend the appellate timetables, we cannot
ignore the Texas Supreme Court's ruling in McConnell that verification is required to extend the
trial court's plenary power. See 800 S.W.2d at 194.
4. The relevant rules reported in the Steves publication comport with those rules submitted by
appellees in the appendix to their brief. Under the current Travis County District Court Local
Rules, there is no time limit for setting up the ADR procedure, though the procedure itself must
be completed within 90 days of the Court's ruling to retain the case. Local Rule 11.8(h). There
appears to be some inconsistency between the time limit in current Local Rule 11.8(h), which
counts 90 days from the date of the court's ruling on the retention motion, and current Local Rule
11.10(a), which requires the party seeking retention to deliver to the Court Services Department,
within 90 days of filing the retention motion, a written statement indicating that mediation has been
completed and whether settlement was reached. (This reporting deadline is the same as it was
under former Rule 11.11.)
5. This deadline persists under current Travis County District Court Local Rule 11.10(a).
6. This penalty persists under current Travis County District Court Local Rule 11.12, which
mandates dismissal for failure to comply with any of the provisions in chapter 11.



urt's findings
regarding his failure to comply with the requirements to arrange, complete, and report the result
of an ADR procedure. He refers in his brief to some attempts to coordinate ADR in April 1997
before filing the motion to retain. He blames appellees for his failure to arrange an ADR
procedure. He does not allege or refer to proof that, after filing the motion to retain, he made any
attempt to arrange ADR as required by Rule 11.11. He does not allege or refer to proof that he
sent the 90-day notification to the Court Administrator as required by Rule 11.11. He does not
all