NUMBER
13-02-439-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                        CORPUS CHRISTI-EDINBURG

 

                                   IN RE:
JESSICA GARCIA

 

                             On Petition for
Writ of Mandamus

 

                                   O P I N I O N

 

        Before Chief Justice Valdez and Justices
Dorsey and Rodriguez

                              Opinion
by Chief Justice Valdez

 

Relator, Jessica Garcia, has filed a petition for writ of
mandamus complaining that the trial court abused its discretion in reinstating
the lawsuit of the real party in interest, Virginia Carroll-Boyd.  We conditionally grant relief.  

                                                      Background








The trial court dismissed a personal injury case for want of
prosecution.  Thirteen days later, the
plaintiff filed an unverified motion for new trial and to reinstate, alleging
merely that:

The Plaintiff requests that her case be reinstated and that she
be granted a new trial.  The Plaintiff=s attorney was in Austin, Texas on February 22, 2002, and
desires to proceed . . . .

 

The trial court did not take any action on this motion.  One hundred and eight days after the order of
dismissal was entered, the plaintiff=s attorney filed an affidavit stating that he Areceived no Notice of this case being placed on the Dismissal
Docket or of the hearing scheduled for February 22, 2002 . . . .@  The affidavit provided
that the attorney had moved his law office to Austin in October of 2001, and
had notified the Nueces County District Clerk regarding his change of address.  Thus, the attorney alleged that the cause was
dismissed without proper notice, and that the plaintiff wished to pursue her
case.  The trial court granted the motion
to reinstate and motion for new trial the day after this affidavit was
filed.  The defendants in this case have
filed a petition for mandamus on grounds that the trial court acted without
jurisdiction in granting the motion to reinstate and for a new trial.

                                         Mandamus
is Proper Remedy

If the trial court erroneously reinstates a case after it loses
jurisdiction, the ruling can be challenged by mandamus.  Estate of Howley v. Haberman, 878
S.W.2d 139, 140 (Tex. 1994); see, e.g., City of McAllen v. Ramirez, 875
S.W.2d 702, 704 (Tex. App.BCorpus Christi 1994, orig. proceeding).  

                                                        Analysis








A trial court has plenary power to reinstate a case within
thirty days of dismissal for want of prosecution.  Tex.
R. Civ. P. 165(a)(3), (4); Neese v. Wray,
893 S.W.2d 169, 170 (Tex. App.BHouston [1st Dist.] 1995, no writ).  A verified motion to reinstate filed within
thirty days of dismissal extends plenary power for the same amount of time as
would a motion for new trial.  Tex. R. Civ. P. 165(a)(3),
(4); McConnell v. May, 800 S.W.2d 194, 194 (Tex. 1990) (orig.
proceeding).  

In this case, the plaintiff=s motion to reinstate was not verified and did not include
affidavits.  An unverified motion is a
nullity and does not extend the trial court=s plenary jurisdiction or the deadlines for perfecting an
appeal.  McConnell, 800 S.W.2d at 194. 
Therefore, the trial court=s plenary jurisdiction expired because the plaintiff did not
file a verified motion within thirty days after the order of dismissal.  Id. 
Accordingly, the trial court had no authority to grant the
reinstatement motion after March 25, 2002, thirty days after the February 22,
2002, dismissal (the thirtieth day falls on a weekend).  

We cannot consider the late-filed affidavit as an amended
motion to reinstate because any amended motion was also required to be filed
within thirty days of the date the dismissal order was signed. See Mandujano
v. Oliva, 755 S.W.2d 512, 514 (Tex. App.BSan Antonio 1988, writ denied).








We cannot treat the plaintiff=s AMotion for a New Trial and to Reinstate@ as a motion for new trial, which is not required to be
verified to extend plenary power.  See
Tex. R. Civ. P. 329(b) (no
verification requirement for a motion for new trial).  We cannot construe the motion to reinstate as
one for a new trial even though it is labeled as such; rather, we look at the
substance of the motion, which is one to reinstate.  City of McAllen v. Ramirez, 875 S.W.2d
702, 704-05 (Tex. App.BCorpus Christi 1994, no writ) (a litigant may not circumvent
the verification requirements of rule 165(a)(3) by labeling a motion for
reinstatement as a motion for new trial); see State Bar of Tex. v. Heard,
603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding). 

Therefore, the trial court=s jurisdiction expired thirty days after entry of the order of
dismissal.  Even if we were to somehow
manage to construe the motion to reinstate as a motion for new trial, the trial
court=s plenary jurisdiction had expired.  The motion for reinstatement was overruled by
operation of law because it was not decided within seventy-five days after the
judgment was signed.  Tex. R. Civ. P. 165(a)(3).  The trial court had plenary power to
reinstate the case until thirty days after any such timely filed motion was
overruled.  Id.  May 8, 2002 was the seventy-fifth day after
the order dismissing the case; June 7, 2002, was the thirtieth day after the
motion to reinstate was overruled; and the reinstatement order was not entered
until June 11, 2002.

                                                      Conclusion

We conclude that the trial court lacked jurisdiction to
reinstate the case.  We conditionally
grant the petition for writ of mandamus. 
The writ will only issue if the trial court refuses to withdraw its
order reinstating the case. 

 

                                              

ROGELIO VALDEZ

Chief Justice                   

 

 

Publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed

this 12th day of
December, 2002.