NUMBER
13-03-00431-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG                                               ____________________________________________________________                 

JIM
HILL,                                                               Appellant,

 

                                           v.

 

MERCEDES-BENZ OF NORTH AMERICA INC.

AND ED HICKS IMPORTS,                                                Appellees.

___________________________________________________________
_                                      

 On appeal from the 214th District Court of
Nueces County, Texas.

____________________________________________________________                                                                                             


                     MEMORANDUM OPINION

 

                   Before Justices Hinojosa,
Yañez and Garza 

                                Opinion Per
Curiam

 








On July 14, 2003,
appellant, Jim Hill, filed a motion to extend the time for filing his notice of
appeal in this case.  On July 21, 2003,
appellees, Mercedes-Benz of North America, Inc. and Ed Hicks Imports, filed a
motion to dismiss this case for want of jurisdiction.  In the motion, appellees contend this Court
is without jurisdiction to entertain this appeal because appellant=s notice of appeal and
his motion for extension of time were untimely filed.

Rule 26.1 of the Texas
Rules of Appellate Procedure regarding time delays for perfecting an appeal
provides, in relevant part, as follows:

The notice of appeal
must be filed within 30 days after the judgment is signed, except as follows:       

 

(a)              
the notice of
appeal must be filed within 90 days after the judgment is signed if any party
timely files:

(1)             
a motion for
new trial;

(2)             
a motion to
modify the judgment;

(3)             
a motion to
reinstate under Texas Rule of Civil Procedure 165a; or

(4)             
a request for
findings of fact and conclusions of law if findings and conclusions either are
required by the Rules of Civil Procedure or, if not required, could properly be
considered by the appellate court...@

 

Tex. R. App. P. 26.1.  Rule
26.3 provides:

The appellate court may extend the time to file the
notice of appeal if, within 15 days after the deadline for filing the notice of
appeal, the party:

(a)              
files in the
trial court the notice of appeal; and

(b)              
files in the
appellate court a motion complying with Rule 10.5(b).

 

Tex. R. App. P. 26.3

 








On March 31, 2003, the trial court signed an order
dismissing appellant=s case for want of prosecution.  On April 30, 2003, appellant filed a motion
to reinstate/motion for new trial, but failed to verify the motion as required
by rule 165a(3) of the Texas Rules of Civil Procedure.  An unverified motion is a nullity and does
not extend the trial court=s plenary jurisdiction or the deadlines for
perfecting an appeal.   See McConnell
v. May, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding); Butts v.
Capitol City Nursing Home, Inc., 705 S.W.2d 696, 697 (Tex. 1986); In re
Garcia, 94 S.W.3d 832, 833-34 (Tex. App.BCorpus Christi 2002, no pet.).  On May 29, 2003, appellant filed an amended,
verified motion.  However, an amended
motion also must be filed within thirty days of the date the dismissal order
was signed.  Garcia, 94 S.W.2d at
834.  The amended motion does not relate
back to the original, unverified motion to extend the trial court=s jurisdiction.  See id.     

Appellant did not file
his motion to extend the time for filing his notice of appeal until July 14,
2003.  Because his motion for
reinstatement was unverified and did not extend the deadlines for perfecting
the appeal, appellant=s request is now
untimely.  See Tex. R. App. P. 26.1, 26.3.

Accordingly, appellant=s motion to extend the
time for filing his notice of appeal is denied and appellees= motion to dismiss this
case for want of jurisdiction is granted.

This appeal is dismissed
for want of jurisdiction.

      PER CURIAM

 

Opinion delivered and filed this the

14th day of August, 2003.