NUMBER 13-05-679-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ALFONSO PEÑA, ET AL., Appellants,


v.



COOPER OUTDOOR ADVERTISING,

INC., Appellee.

 


On appeal from the County Court at Law No. 2 


of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Memorandum Opinion by Justice Yañez


 

 Through two points of error, appellants (collectively "the Peñas") complain that the
trial court erred in granting appellee's unverified motion to reinstate. We affirm the trial
court's order granting reinstatement and dismiss this appeal for want of jurisdiction.

Background

 Appellee, Cooper Outdoor Advertising, Inc. ("Cooper"), filed suit against the Peñas. 
The Peñas subsequently filed counterclaims against Cooper. On September 8, 2003,
Cooper's suit against the Peñas was dismissed for want of prosecution. Cooper then filed
an unverified motion to reinstate on September 18. On November 19, the trial court
granted Cooper's motion for reinstatement.

Discussion

 A trial court has plenary power to reinstate a case within thirty days of dismissal for
want of prosecution. (1) A verified motion to reinstate filed within thirty days of dismissal
extends plenary power for the same amount of time as would a motion for new trial. (2) An
unverified motion is a nullity and does not extend the trial court's plenary jurisdiction or the
deadlines for perfecting an appeal. (3)

 The Peñas contend that the trial court's plenary jurisdiction expired because Cooper
did not file a verified motion within thirty days after the order of dismissal. (4) Accordingly, the
trial court had no authority to grant the reinstatement motion after October 8, 2003, thirty
days after the September 8, 2003 dismissal.

 In response, Cooper accurately notes that the trial court's order of dismissal did not
refer to or mention the Peñas' counterclaims. Under such circumstances, there is no
presumption that the order of dismissal disposed of the issues in the counterclaims. (5) It
follows that the dismissal order was interlocutory, rather than final, in nature. (6) Because the
dismissal order was interlocutory, the trial court retained jurisdiction to reinstate the case. (7) 
Accordingly, we overrule the Peñas' points of error.

Conclusion

 This appeal is dismissed for want of jurisdiction. (8)




 

 LINDA REYNA YAÑEZ,

 Justice






Memorandum opinion delivered and filed 

this the 12th day of April, 2007.





1. Tex. R. Civ. P. 165a(3), (4); Neese v. Wray, 893 S.W.2d 169, 170 (Tex. App.-Houston [1st Dist.]
1995, no writ).
2. Tex. R. Civ. P. 165a(3), (4); McConnell v. May, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding).
3. McConnell, 800 S.W.2d at 194.
4. Id.
5. See PHB, Inc. v. Goldsmith, 539 S.W.2d 60, 60 (Tex. 1976).
6. Id.
7. See Chase Manhattan Bank, N.A. v. Lindsay, 787 S.W.2d 51, 53 (Tex. 1990).
8. See Zamarripa v. Sifuentes, 929 S.W.2d 655, 657 (Tex. App.-San Antonio 1996, no writ).