COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-09-277-CV

REBECCA LYNN MAHADY                                          APPELLANT

V.

JOSEPH DANIEL MAHADY                                          APPELLEE

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Rebecca Lynn Mahady attempts to appeal from the order dismissing her divorce for want of prosecution. Appellee Joseph Daniel Mahady has filed a motion to dismiss the appeal. For the reasons set forth below, we will grant Appellee's motion to dismiss the appeal for lack of jurisdiction.

The trial court dismissed the underlying case for want of prosecution on May 27, 2009. On June 15, 2009, Rebecca filed a motion to reinstate, but it was not verified. On June 22, 2009, Rebecca filed another motion to reinstate,

---

[1] See Tex. R. App. P. 47.4.

but it contained only a defective affidavit that was not executed under oath. On August 11, 2009, Rebecca did file an amended, verified motion to reinstate and also filed a notice of appeal.

A trial court has plenary power to reinstate a case within thirty days after it signs an order of dismissal for want of prosecution. Tex. R. Civ. P. 165a(3), (4); *Neese v. Wray*, 893 S.W.2d 169, 170 (Tex. App.—Houston [1st Dist.] 1995, no writ). A verified motion to reinstate filed within thirty days of dismissal extends plenary power for the same amount of time as would a motion for new trial. Tex. R. Civ. P. 165a(3), (4); *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding). An unverified motion to reinstate is, however, a nullity and does not extend the trial court's plenary jurisdiction or the deadlines for perfecting an appeal. *McConnell*, 800 S.W.2d at 194; *In re Garcia*, 94 S.W.3d 832, 833 (Tex. App.—Corpus Christi 2002, orig. proceeding).

Here, Rebecca's first motion to reinstate was not verified, and her second motion contained only a defective affidavit that was not executed under oath. Consequently, Rebecca's first two defective motions to reinstate were nullities and did not extend the deadline for perfecting an appeal. *See McConnell*, 800 S.W.2d at 194; *Garcia*, 94 S.W.3d at 833. Rebecca's verified, August 11 amended motion to reinstate was likewise essentially a nullity because it was

2

not timely filed within thirty days of the order of dismissal and because the trial court's plenary power had expired when it was filed. *See Mandujano v. Oliva*, 755 S.W.2d 512, 514 (Tex. App.—San Antonio 1988, writ denied). Because neither party timely filed any motion effective to extend the trial court's plenary power, any notice of appeal was due no later than June 26, 2009. *See* Tex. R. App. P. 25.1(b). Rebecca's August 11, 2009 notice of appeal was untimely. *See* Tex. R. App. P. 26.1.

Times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b), 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). We therefore grant Joseph's motion to dismiss and dismiss Rebecca's appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 42.3(a), 43.2(f).

SUE WALKER
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED: November 19, 2009

---

[2] To the extent that Joseph's request for sanctions could be construed to apply in the event of a dismissal, we decline his request to impose sanctions.

3