COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO.
2-09-277-CV

 

REBECCA LYNN MAHADY                                                    APPELLANT

 

                                                   V.

 

JOSEPH DANIEL
MAHADY                                                       APPELLEE



 

                                              ------------

 

           FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Rebecca Lynn Mahady attempts to appeal from the order dismissing her divorce
for want of prosecution.  Appellee Joseph
Daniel Mahady has filed a motion to dismiss the appeal.  For the reasons set forth below, we will
grant Appellee=s motion to dismiss the appeal
for lack of jurisdiction.








The
trial court dismissed the underlying case for want of prosecution on May 27,
2009.  On June 15, 2009, Rebecca filed a
motion to reinstate, but it was not verified. 
On June 22, 2009, Rebecca filed another motion to reinstate, but it
contained only a defective affidavit that was not executed under oath.  On August 11, 2009, Rebecca did file an
amended, verified motion to reinstate and also filed a notice of appeal. 

A trial
court has plenary power to reinstate a case within thirty days after it signs
an order of dismissal for want of prosecution. 
Tex. R. Civ. P. 165a(3), (4); Neese v. Wray, 893 S.W.2d 169, 170
(Tex. App.CHouston [1st Dist.] 1995, no
writ).  A verified motion to reinstate
filed within thirty days of dismissal extends plenary power for the same amount
of time as would a motion for new trial. 
Tex. R. Civ. P. 165a(3), (4); McConnell v. May, 800 S.W.2d 194,
194 (Tex. 1990) (orig. proceeding).  An
unverified motion to reinstate is, however, a nullity and does not extend the
trial court=s plenary jurisdiction or the
deadlines for perfecting an appeal.  McConnell,
800 S.W.2d at 194; In re Garcia, 94 S.W.3d 832, 833 (Tex. App.CCorpus
Christi 2002, orig. proceeding).








Here,
Rebecca=s first
motion to reinstate was not verified, and her second motion contained only a
defective affidavit that was not executed under oath.  Consequently, Rebecca=s first
two defective motions to reinstate were nullities and did not extend the
deadline for perfecting an appeal.  See
McConnell, 800 S.W.2d at 194; Garcia, 94 S.W.3d at 833.  Rebecca=s
verified, August 11 amended motion to reinstate was likewise essentially a
nullity because it was not timely filed within thirty days of the order of
dismissal and because the trial court=s
plenary power had expired when it was filed. 
See Mandujano v. Oliva, 755 S.W.2d 512, 514 (Tex. App.CSan
Antonio 1988, writ denied).  Because
neither party timely filed any motion effective to extend the trial court=s
plenary power, any notice of appeal was due no later than June 26, 2009.  See Tex. R. App. P. 25.1(b).  Rebecca=s August
11, 2009 notice of appeal was untimely.  See
Tex. R. App. P. 26.1.

Times
for filing a notice of appeal are jurisdictional in this court, and absent a
timely filed notice of appeal or an extension request, we must dismiss the
appeal.  See Tex. R. App. P.
25.1(b), 26.1, 26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex.
1997).  We therefore grant Joseph=s motion
to dismiss and dismiss Rebecca=s appeal
for want of jurisdiction.[2]  See Tex. R. App. P. 42.3(a), 43.2(f).

 

SUE WALKER

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and WALKER, JJ.

 

DELIVERED:  November 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]To the extent that Joseph=s request for sanctions
could be construed to apply in the event of a dismissal, we decline his request
to impose sanctions.