Opinion issued September 29, 2011.

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00691-CV

———————————

in re REGINA LYNNEA CROSBY, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

          In
this original proceeding, relator Regina Lynne Crosby seeks a writ of mandamus
directing respondent, the Honorable Ben Childers, judge of the County Court at
Law No. 1 of Fort Bend County, to vacate his August 5, 2011 order reinstating
the case against Crosby on the ground that the reinstatement order was entered
after the trial court’s plenary power expired.[1]  We conditionally grant relief.    

Background

Real party in interest Olivia
Petrini, individually and as the next friend to Rino Petrini, sued Crosby for
negligence in connection with an automobile accident.  On December 6, 2010, the trial court informed
counsel in the underlying case, by written notice, that the case was set on the
dismissal docket for want of prosecution on December 20, 2010.  The notice stated that if counsel wished for
the case to remain on the docket, counsel should appear at the dismissal docket
and bring a sworn Motion and Order to Retain. 
It also indicated that failure to comply would cause the case to be
dismissed for want of prosecution.

On January 4, 2011, counsel did not
appear at the dismissal docket and di not file a motion to retain.  The trial court dismissed the underlying case
for want of prosecution.  On April 28,
2011, Petrini filed a verified motion to reinstate the case.  Over Crosby’s objection, the trial court signed
an order reinstating the case on August 5, 2011.  The trial court set the case on the jury
trial docket for November 1, 2011. 

 

 

Discussion

          A
trial court’s plenary power extends 30 days after a final order of dismissal,
absent a timely filed verified motion to reinstate or other post-judgment
motion that extends plenary power.  In re Strickland, No. 01-01-00972-CV,
2002 WL 58482,  at * 1 (Tex. App.—Houston
[1st Dist.] Jan. 17, 2002, orig. proceeding) (not designated for publication); see Tex. R. Civ. P. 165a(3), (4).  A reinstatement
order rendered after the expiration of the trial court’s plenary power is
void.  Id.  Mandamus is a proper
vehicle to remedy a void reinstatement order. 
Id. (citing McConnell v. May, 800 S.W.2d 194, 194 (Tex.
1990) (orig. proceeding)). 

          Here,
the trial court dismissed the case for want of prosecution on January 4, 2011,
and there was no post-judgment motion filed to extend plenary power.  Thus, the trial court’s plenary power extended
30 days after the January 4 dismissal, through February 3, 2011.  Petrini’s motion to reinstate was not filed
until April 28, and the trial court’s order reinstating the case was not signed
until August 5, long after its plenary power expired.  We conclude the trial court lacked
jurisdiction to enter the order of reinstatement.  




 

Conclusion

We conditionally grant mandamus
relief, and direct the trial court to vacate its August 5, 2011 order of
reinstatement.  A writ will issue only if
the trial court does not comply.  We
overrule all pending motions as moot.  

          

 

                                                          Rebeca
Huddle

                                                          Justice    

 

Panel consists
of Chief Justice Radack and Justices Bland and Huddle.

 











[1]
          The underlying case is Olivia
Petrini, individually and as next friend to Rino Petrini v. Regina Lynnea
Crosby, No. 10CCV041490, in the County Court at Law No 1., Fort Bend
County, Texas.