Opinion issued December 22, 2011.

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00891-CV

———————————

in re BOGLIA, L.L.C. D/B/A BEST WESTERN BEACHFRONT INN, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

          In
this original proceeding, relator Boglia, L.L.C. seeks
a writ of mandamus directing respondent, the Honorable John Grady, judge of the
County Court at Law No. 1 of Galveston County, to vacate his September 30, 2011
order reinstating the case against Boglia on the
ground that the reinstatement order was entered after the trial court’s plenary
power expired.[1]  This court requested a response but none has
been filed.  We conditionally grant
relief.    

Background

          Real
party in interest Terri Bolton sued Boglia and James
Marx alleging that the defendants had invaded her privacy and caused
destruction of her personal property.  On
July 7, 2011, the trial court dismissed the case for want of prosecution.  On August 8, 2011, Bolton filed an unverified
motion to reinstate the case.  The trial
court signed an order reinstating the case on September 30, 2011.

Discussion

            A trial court’s plenary power extends
thirty days after a final order of dismissal, absent a timely filed verified
motion to reinstate or other post-judgment motion that extends plenary
power.  Tex. R. Civ. P. 165a(3), (4); In re Strickland, No. 01-01-00972-CV, 2002 WL 58482, at *1 (Tex.
App.—Houston [1st Dist.] Jan. 17, 2002, orig. proceeding) (not designated for
publication).  An unverified motion does
not extend plenary power.  McConnell v. May, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding) (per curiam); Douglas v. Douglas, No. 01-06-00925-CV,
2008 WL 5102270, at *2 (Tex. App.—Houston [1st Dist.] Dec. 4,
2008, pet. denied).  A reinstatement order rendered
after the expiration of the trial court’s plenary power is void.  In re Strickland, 2002 WL 58482, at *1. 
Mandamus is a proper vehicle to
remedy a void reinstatement order.  Id. (citing McConnell, 800 S.W.2d at 194. 

          Here,
the trial court dismissed the case for want of prosecution on July 7, 2011.  Bolton did not file a verified motion to
reinstate or other post-judgment motion to extend the trial court’s plenary
power.  Thus, the trial court’s plenary
power extended thirty days after the July 7 dismissal.  The trial court did not sign the order
reinstating the case until September 30, 2011, well after plenary power
expired.  We conclude the trial court lacked
jurisdiction to enter the order of reinstatement.  

Conclusion

We conditionally grant mandamus
relief, and direct the trial court to vacate its September 30, 2011 order of
reinstatement.  A writ will issue only if
the trial court does not comply.  We overrule
all pending motions as moot.  

          

 

                                                          Rebeca
Huddle

                                                          Justice    

 

Panel consists
of Chief Justice Radack and Justices Bland and Huddle.

 

 











[1]
          The underlying case is Terri
Bolton v. Best Western Beachfront Inn and James Marx, No. CV-0062484, in the County Court at Law No. 1, Galveston County,
Texas.