

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

## NO. 02-12-00281-CV

IN RE NEW HAMPSHIRE
INSURANCE CO.

RELATOR

----------

ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

Relator New Hampshire Insurance Co. seeks a writ of mandamus ordering

the trial court to vacate its March 17, 2011 order,[2] which vacated its December

30, 2009 order dismissing the underlying suit for want of prosecution.  Relator

contends that the trial court's plenary power over its December 30 dismissal

---

[1]*See* Tex. R. App. P. 47.4.

[2]We requested a response from real party in interest Magellan
Reinsurance Company, Ltd., but a response was not filed.

order had expired when, fifteen months later, it signed the March 17 order reinstating the case.

The law is well-settled that a trial court possesses plenary jurisdiction over a dismissal order for thirty days or—if a timely, verified motion to reinstate is filed—for thirty days after the motion to reinstate is ruled on or is overruled by operation of law. *See* Tex. R. Civ. P. 165a(3), (4); *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding) (explaining that a verified motion to reinstate filed within thirty days of dismissal extends plenary power for the same amount of time as a motion for new trial); *Neese v. Wray*, 893 S.W.2d 169, 170 (Tex. App.—Houston [1st Dist.] 1995, no writ) (recognizing that a trial court possesses plenary jurisdiction to reinstate a case within thirty days of dismissal order even in the absence of motion to reinstate). If no written order of reinstatement is signed during the trial court's plenary power, the order of dismissal becomes final. *See, e.g.*, *McConnell*, 800 S.W.2d at 194 (holding that "since Blanchard did not file a verified motion to reinstate within 30 days of the signing of the order of dismissal, the trial court's jurisdiction to reinstate the case expired"); *Emerald Oaks Hotel/Conference Ctr., Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989) (orig. proceeding) (holding that because no written order of reinstatement was signed during the trial court's plenary power, "the judgment of dismissal became final, terminating the trial court's plenary power"); *cf. In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding) ("Mandamus relief is appropriate when a trial court issues an order after its

2

plenary power has expired."); *Clewis v. Safeco Ins. Co. of America*, 287 S.W.3d 197, 203 (Tex. App.—Fort Worth 2009, no pet.) (explaining that "[w]hen the trial court loses plenary power over a judgment, it also generally lacks the authority to vacate the judgment").

A few additional facts exist here. First, prior to signing the December 30, 2009 dismissal order, the trial court had signed an order abating the underlying case.[3] And second, real party in interest alleged—in a motion for reinstatement filed approximately one year after the dismissal order—that it did not receive notice of the dismissal order. Neither of these facts, however, cause the trial court to retain plenary jurisdiction over a case it had dismissed over a year earlier. *See, e.g.*, *Gnatt v. Getz*, No. 14-10-00003-CV, 2011 WL 1849085, at *5 (Tex. App.—Houston [14th Dist.] May 12, 2011, no pet.) (mem. op.) (involving inadvertent dismissal following abatement and holding that trial court possessed authority to sign dismissal order while case was abated); *In re Gen. Motors Corp.*, 296 S.W.3d 813, 820–21, 825–26 (Tex. App.—Austin 2009, orig. proceeding) (involving inadvertent dismissal following abatement, alleged lack of notice of dismissal, and reinstatement, holding that trial court's action in inadvertently dismissing the case during the abatement was not a void act so that the dismissal was not subject to being vacated by the trial court after the expiration of its plenary power, and holding also that "even if a party does not

_____

[3]The abatement was not based on a bankruptcy filing.

3

receive actual notice or acquire actual knowledge of the entry of an order dismissing a case for want of prosecution, the trial court's plenary power over the case ends no later than the 120th day after the order of dismissal is signed").

Because the trial court lacked plenary power on March 17, 2011 to vacate the dismissal order it had signed on December 30, 2009, we conditionally grant the writ of mandamus. The writ will issue only if the trial court refuses to vacate and to set aside its March 17, 2011 order within ten (10) days of the issuance of this opinion.[4]

PER CURIAM

PANEL: WALKER, DAUPHINOT, and MEIER, JJ.

DELIVERED: August 13, 2012

---

[4]This court's stay of the trial court proceedings previously granted will remain in effect until the trial court complies with our opinion.

4