**Appeal Dismissed and Memorandum Opinion filed September 17, 2020**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00338-CV

### KEVIN MARVIN, Appellant

### V.

### MALIA SCHNEIDER, Appellee

**On Appeal from the 26th District Court**
**Williamson County, Texas**
**Trial Court Cause No. 18-0595-C26**

## MEMORANDUM OPINION

This is an attempted appeal of an order granting a motion to reinstate under Texas Rule of Civil Procedure 165a(3). The Supreme Court of Texas transferred this appeal to our court from the Third Court of Appeals. *See* Tex. Gov't Code § 73.001.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When an order does not dispose of all pending parties and claims, the order remains interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness*

*Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). No statute permits an appeal of an interlocutory order granting a motion to reinstate under Rule 165a(3). Instead, grants of motions to reinstate may be reviewed by mandamus. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding) (per curiam); *In re Gen. Motors Corp.*, 296 S.W.3d 813, 817–18 (Tex. App.—Austin 2009, orig. proceeding).[1]

On June 26, 2020, we notified the parties that our jurisdiction was in question and requested them to file briefs on the jurisdictional issue by July 10, 2020. We also provided notice under Texas Rule of Appellate Procedure 42.3(a) that we might dismiss the appeal for lack of jurisdiction after July 10, 2020, without further notice to the parties. Neither party responded to our request for briefing.

The appeal is dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Christopher, Jewell, and Hassan.

---

[1] We would lack mandamus jurisdiction regarding the underlying case because Williamson County is not in our court of appeals district. *See* Tex. Gov't Code § 22.221(b)(1) (bestowing jurisdiction on a court of appeals to issue a writ of mandamus to the judge of a district, statutory county, statutory probate county, or county court in the court of appeals district); *id.* § 22.201(d) (stating Williamson County is in the Third Court of Appeals District).