**Dismiss and Opinion Filed November 15, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00573-CV**

**MAURICIO VALLEJO, JR, Appellant**
**V.**
**DESIRHEA HELGE AND DARIUS DORROUGH, Appellees**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-13613**

# MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Carlyle

We questioned our jurisdiction over this appeal because the trial court's judgment appeared to have been signed outside the trial court's plenary power, making the judgment void. *See State v. ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex. 1995) (per curiam) ("Judicial action taken after a court's jurisdiction has expired is a nullity."). The record in this case shows the underlying cause was initially dismissed for want of prosecution on November 6, 2022. Appellees filed a timely motion to reinstate, which the trial court granted on January 12, 2023.

Thereafter, the trial court granted a default judgment on March 9, 2023. This appeal followed.

Although a timely filed motion to reinstate extends a trial court's plenary power over a case to seventy-five days from the date of judgment, the motion must be verified. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding) (per curiam). Here, the motion to reinstate was timely, but it was not verified. As a result, the trial court's plenary power over the underlying case expired on December 6, 2022, thirty days after the judgment was signed. *See id.*; TEX. R. CIV. P. 329b(d). Because the order of reinstatement and the subsequent default judgment were signed outside the trial court's plenary power to do so, they are void.

We informed the parties by letter that when an appeal is taken from a void judgment, we have jurisdiction only to vacate the judgment and dismiss the appeal. Both appellant and appellees agree the trial court's order of reinstatement and subsequent default judgment are void, although appellees suggest that because appellant did not seek a writ of mandamus to vacate the reinstatement order, appellees were entitled to rely upon it to seek the default judgment. We find no merit in appellee's assertion. When, as here, an appeal is taken from a void judgment, we must vacate the void judgment and dismiss the appeal. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) ("[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather,

they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination.").

Accordingly, on the record before us, we vacate the January 12, 2023 order of reinstatement and the March 9, 2023 default judgment and dismiss this appeal.

|  | /Cory L. Carlyle/ |
|---|---|
| 230573f.p05 | CORY L. CARLYLE<br>JUSTICE |



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAURICIO VALLEJO, JR,
Appellant

No. 05-23-00573-CV        V.

DESIRHEA HELGE AND DARIUS
DORROUGH, Appellees

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-13613.
Opinion delivered by Justice Carlyle.
Justices Goldstein and Breedlove
participating.

In accordance with this Court's opinion of this date, the trial court's January 12, 2023 order of reinstatement and March 9, 2023 default judgment are **VACATED** and the appeal is **DISMISSED**.

Judgment entered this 15th day of November, 2023.