**Opinion issued June 27, 2024**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-24-00060-CV

———————————

### IN RE STELLY GRACIELA GONZALEZ, Relator

**Original Proceeding on Petition for Writ of Mandamus**

### MEMORANDUM OPINION

In this mandamus proceeding, relator Stelly Graciela Gonzalez argues that

the Honorable Tameika Carter, respondent, abused her discretion by reinstating

this lawsuit after the expiration of the trial court's plenary power.[1]

We agree and conditionally grant mandamus relief.

---

[1]　The underlying case is *Edna Kelly v. Stelly Graciela Gonzalez*, Cause No. 20-DCV-279589 (400th Dist. Ct., Fort Bend Cnty., Tex.), the Honorable Tameika Carter presiding.

## Background

In March 2019, Gonzalez and real party in interest Edna Kelly were involved in an auto collision. In December 2020, Kelly sued Gonzalez for negligence, seeking damages for personal injuries. Gonzalez answered the suit.

Nearly two years later, on October 31, 2022, the trial court notified Kelly that her case had been "set on the DISMISSAL DOCKET for December 14, 2022 at 9:00 A.M." The notice states that if Kelly wished to retain her case on the trial court's docket, she was required to file a "sworn MOTION TO RETAIN certifying that discovery [was] complete, settlement attempts were unsuccessful, and that the case [was] ready for trial." The notice further states:

> The MOTION TO RETAIN will need to be filed with the District Clerk *no later than one week prior to* the date of the DISMISSAL DOCKET. THE DOCKET WILL BE HEARD BY JUDGE GLOVER IN COURTROOM 2J. IN PERSON APPEARANCE AT THE DOCKET CALL IS MANDATORY. If you fail to file a MOTION TO RETAIN, the case will be DISMISSED FOR WANT OF PROSECUTION on the date set out above.

(Italicized emphasis added.)

On December 14, 2022, seven days *after* the deadline in the trial court's notice, Kelly filed a verified motion to retain the case.

On December 15, 2022, the trial court issued an order dismissing the case.

The next day, the district clerk notified the parties that the case had been dismissed for want of prosecution.

2

Six months later, on June 2, 2023, Kelly filed a motion to reinstate the case.

On June 7, 2023, the trial court denied Kelly's motion to reinstate. The trial court's order states that a motion to retain was due by December 7, 2022, and that Kelly failed to timely file her motion. It further states that, pursuant to Texas Rule of Civil Procedure 165a, any motion to reinstate was due by January 15, 2023, and that Kelly failed to timely file her motion to reinstate.

Kelly then filed a second motion to reinstate the case. It did not address the untimeliness of the motion to retain or the prior motion to reinstate. The trial court also denied that motion.

On June 29, 2023, Kelly filed a "Motion to Reconsider Plaintiff's Motion to Retain," again not addressing the timeliness issue. After conducting an oral hearing, respondent signed an order on July 17, 2023, reinstating the case on the trial court's active docket.

Gonzalez then filed the instant petition for writ of mandamus, arguing that respondent abused her discretion by reinstating the case long after the trial court's plenary power had expired.

**Standard of Review**

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023)

3

(orig. proceeding). A trial court abuses its discretion if it acts it "acts with disregard of guiding rules or principles or in an arbitrary or unreasonable manner," or if it fails to analyze or apply the law correctly. *Id.* at 655.

"Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired." *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding). Such an order is void and constitutes an abuse of discretion. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). Because the order is void, the relator need not establish that she lacks an adequate remedy by appeal. *Id.*

## Applicable Law

Texas Rule of Civil Procedure 165a, which governs reinstatement after dismissal for want of prosecution, states:

> **3. Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. *It shall be filed with the clerk within 30 days after the order of dismissal is signed* or within the period provided by Rule 306a.[2]. . . . The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion. . . .
>
> The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

---

[2] Rule 306a, which extends the deadline to pursue reinstatement under certain circumstances involving a lack of notice of the dismissal order, is inapplicable to this case. *See* TEX. R. CIV. P. 306a.

> . . . . If a motion to reinstate is *timely* filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

TEX. R. CIV. P. 165a(3) (italicized emphasis added).

The time limits in Rule 165a are mandatory and jurisdictional. *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding). In the absence of a timely filed motion to reinstate, a trial court's plenary power expires 30 days after its order of dismissal. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990). Once its plenary power expires, the trial court lacks jurisdiction to reinstate the case. *Id.* An order of reinstatement entered after the expiration of a trial court's plenary power is void. *Walker*, 597 S.W.2d at 915.

## Analysis

Here, the trial court dismissed this lawsuit for want of prosecution on December 15, 2022.[3]

Kelly was therefore required to file any motion to reinstate within 30 days after the trial court's dismissal. *See* TEX. R. CIV. P. 165a(3). Instead, she waited until June 2, 2023—nearly six months later—to file her first motion to reinstate.

---

[3] The trial court's order notes that Kelly did not appear at the docket call.

In the absence of a timely filed motion to reinstate the case, the trial court's plenary power expired on January 15, 2023. *See McConnell*, 800 S.W.2d at 194. After that date, the trial court lacked jurisdiction to reinstate the case.[4] *Id.*

The trial court's July 17, 2023 order reinstating the case is thus void on its face and constitutes an abuse of discretion. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *see also Walker*, 597 S.W.2d at 915 (timelines in Rule 165a are mandatory and jurisdictional).

Because the order of reinstatement is void, Gonzalez need not show that she lacks an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

For this reason, we conclude that mandamus relief is appropriate. *See id.*; *Est. of Howley By & Through Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding) ("When a trial court erroneously reinstates a case after the expiration of the court's plenary jurisdiction, mandamus will issue.").[5]

---

[4] In her mandamus response, Kelly argues for the first time that the failure to timely file her motion to retain was inadvertent and the product of a calendaring error. However, she did not raise this argument in a *timely* filed motion to reinstate.

[5] *See also McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding) (granting mandamus relief where jurisdiction to reinstate case had expired); *In re Alsandor*, No. 01-23-00155-CV, 2023 WL 4356184, at *3 (Tex. App.—Houston [1st Dist.] July 6, 2023, orig. proceeding) (mem. op.) (granting mandamus and directing trial court to vacate reinstatement order signed over one month after expiration of plenary power); *In re Romero*, No. 01-21-00629-CV, 2022 WL 23939, at *2–3 (Tex. App.—Houston [1st Dist.] Jan. 4, 2022, orig. proceeding) (mem. op.) (granting mandamus and directing respondent to vacate reinstatement order entered nearly two months after expiration of plenary power).

6

## Conclusion

We conditionally grant mandamus relief and direct respondent to vacate her July 17, 2023 order of reinstatement. A writ will issue only if respondent fails to comply.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.