

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| MORRIS REID, III, | § | No. 08-25-00155-CV |
| Appellant, | § | Appeal from the |
| v. | § | 112th District Court |
| HOLLOMAN CORPORATION, | § | of Crockett County, Texas |
| Appellee. | § | (TC# 21-02-08136-CV) |
| | § | |
| | § | |

**<u>MEMORANDUM OPINION</u>**

This appeal is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction. Because we find that Appellant Morris Reid III did not timely perfect his appeal, we dismiss for want of jurisdiction.

Appellate courts generally have jurisdiction over appeals from final judgments filed within 30 days after the appealable order is signed, or within 90 days after the appealable order is signed if a party timely files one of the pleadings listed in Texas Rule of Appellate Procedure 26.1. Tex. R. App. P. 26.1 (providing deadlines to perfect an appeal in a civil case); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696. 697 (Tex. 1986) (per curiam). A proper motion to reinstate under Texas Rule of Civil Procedure 165a extends the deadline to file a notice of appeal from 30 days to 90 days. Tex. R. App. P. 26.1(a)(3). The Texas Supreme Court has held

that a proper motion to reinstate must be verified and filed with the clerk within 30 days of the order of dismissal. *McConell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (per curiam); *See* Tex. R. Civ. P. 165a(3) (requiring the motion to be verified by the movant or his attorney). An unverified motion does not extend the trial court's plenary jurisdiction or the deadlines for perfecting an appeal. *Allstate Ins. Co. v. Barnet*, 589 S.W.3d 313, 317 (Tex. App.—El Paso, no pet.).

On May 16, 2025, Reid filed a notice of appeal stating his desire to appeal from an order "rendered on April 17, 2025" granting Holloman Corporation's Motion to Dismiss. However, upon further review of the clerk's record, the order granting Holloman Corporation's motion was signed by the trial court on March 4, 2025. The clerk's record also contains Reid's unverified motion to reinstate pursuant to Texas Rule of Civil Procedure 165a, filed on March 21, 2025. Although filed within 30 days of the date of the judgment, because Reid's motion was unverified, it did not extend the time for filing a notice of appeal. Accordingly, Reid's notice of appeal was due April 3, 2025—30 days after the trial court signed its dismissal order, and the notice of appeal filed May 16, 2025, is untimely.

The Clerk of this Court sent notice to Reid that his appeal would be dismissed as untimely on or after June 15, 2025, unless he responded and established a basis for our jurisdiction. Tex. R. App. P. 42.3(a). As of the date of this memorandum, we have received no response. Accordingly, we dismiss the appeal for want of jurisdiction.


MARIA SALAS MENDOZA, Chief Justice

June 25, 2025

Before Salas Mendoza, C.J., Palafox, J., and Rodriguez, C.J. (Ret.)
Rodriguez, C.J. (Ret.) (Sitting by Assignment)