Opinion issued December 18, 2025



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00178-CV

_____

**DANYELL BURNLEY, MARK WILLIAMS, INDIVIDUALLY AND NEXT FRIEND TO ZECHARIAH MINTERS, Appellants**

**V.**

**JEROME DENNIS LOSACK, Appellee**

---

**On Appeal from the 155th District Court**
**Austin County, Texas**
**Trial Court Case No. 2022V-0151**

---

## MEMORANDUM OPINION

We dismiss this appeal for lack of jurisdiction. Under controlling law, Appellants filed their notice of appeal too late.

## Background

This appeal arises out of a lawsuit concerning injuries from a car accident.

On December 12, 2023, the trial court signed an Order of Dismissal for Want of Prosecution. On December 27, 2023, Appellants filed an *unverified* motion to reinstate, which the trial court denied.

On January 12, 2024 (31 days after dismissal), Appellants filed a Verified Motion to Reconsider and attached a notarized sworn statement attesting to the truth of the statements in the motion to reconsider. The trial court denied the motion to reconsider.

Appellants filed a notice of appeal on March 4, 2024—83 days after the judgment.

## Discussion

An appellate court is "obligated to review sua sponte issues affecting jurisdiction." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). Doing so, we conclude that we lack jurisdiction here.

Appellate courts generally have jurisdiction over appeals from final judgments filed within 30 days after the appealable order is signed; that timeline extends to 90 days after the appealable order is signed *if* a party timely files one of the pleadings listed in Texas Rule of Appellate Procedure 26.1. *See* TEX. R. APP. P. 26.1 (providing deadlines to perfect an appeal in a civil case); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986).

As applicable here, a *timely*, *verified* motion to reinstate under Texas Rule of Civil Procedure 165a would have extended the deadline to file a notice of appeal from 30 days to 90 days. *See* TEX. R. APP. P. 26.1(a)(3); TEX. R. CIV. P. 165a(3). Texas Rule of Civil Procedure 165a(3) requires that a motion to reinstate "be *verified* by the movant or his attorney" and "be filed with the clerk within *30 days* after the order of dismissal is signed." TEX. R. CIV. P. 165a(3) (emphasis added); *see McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) ("A proper motion to reinstate must be verified and filed with the clerk within 30 days of the signing of the order of dismissal."). To be verified, the statement must be sworn under oath before an authorized officer. *See In re K.M.L.*, 443 S.W.3d 101, 110–11 (Tex. 2014).

But this record presents no such thing. First, the only *timely* motion to reinstate was unverified, which does not qualify under controlling law.[1] The Texas Supreme

---

[1] In Appellants' response to our Notice of Intent to Dismiss for Want of Jurisdiction, Appellants assert their motion to reinstate was verified because it contained a "Certificate of Conference," which was signed by Appellants' counsel and stated the following:

> I hereby certify that on or about December 19, 2023 I conferred with Allen Galloway, counsel for Defendant Jerome Losack by telephone, regarding the relief requested in this motion and Mr. Allen Galloway replied by [stating] that Defendant did does not oppose the requested relief.

This does not satisfy Texas's verification requirement. Under Texas law, to be verified, the statement must be sworn under oath before an authorized officer. *See K.M.L.*, 443 S.W.3d at 110–11; *see also In re Valliance Bank*, 422 S.W.3d 722, 726 (Tex. App.—Fort Worth 2012, orig. proceeding) ("A verification is a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." (cleaned up)).

Court has been clear that an unverified motion to reinstate does not extend the trial court's plenary jurisdiction beyond 30 days. *See McConnell*, 800 S.W.2d at 194; *Butts*, 705 S.W.2d at 697; *accord Pope on Behalf of Pope v. Buckingham Senior Living Cmty., Inc.*, No. 14-25-00291-CV, 2025 WL 1878744, at \*1 (Tex. App.—Houston [14th Dist.] July 8, 2025, no pet.) (court lacked jurisdiction over untimely notice of appeal; appellant's motion to reinstate was unverified).

Nor could the untimely motion to reconsider, filed after 30-days, extend the time period for Appellants' notice of appeal. "The time limits in Rule 165a are mandatory and jurisdictional"—and the verified motion was not timely. *See In re Gonzalez*, No. 01-24-00060-CV, 2024 WL 3187727, at \*2 (Tex. App.—Houston [1st Dist.] June 27, 2024, orig. proceeding).

Without a timely, verified motion to reinstate, the trial court's plenary power expired 30 days after its order of dismissal. *See id.* (citing *McConnell*, 800 S.W.2d at 194). After the trial court's plenary power expires, it can take no further action on the case. *Id.* "An order of reinstatement entered after the expiration of a trial court's plenary power is void." *Id.*

Here, because Appellants did not file a plenary-power-extending motion, Appellants' notice appeal—filed more than 30-days after the order—was too late.

---

Because the statement here was not sworn before an authorized officer (nor does it swear to the truth of the statements in the motion to reinstate), it is not a valid verification under Texas law.

*See* TEX. R. APP. P. 26.1. And without a timely notice of appeal, we lack jurisdiction. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 43.2(f).

## Conclusion

We dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

Jennifer Caughey
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.