NO. 07-09-00210-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 29, 2010

---

ROBIN HOSEA, APPELLANT

v.

GEORGE WHITTENBURG AND
WHITTENBURG, WHITTENBURG, SCHACHTER
& HARRIS, P.C., APPELLEES

---

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 57,066-A; HONORABLE HAL MINER, JUDGE

---

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Robin Hosea attempts to appeal from the trial court's order dismissing for want of prosecution her suit against her former attorney, George Whittenburg, and his law firm. The 47th District Court of Randall County dismissed her cause on March 23, 2009. She filed her notice of appeal on June 25, 2009.

Although neither party has raised a question whether this Court has jurisdiction, we are obligated to consider, *sua sponte*, our jurisdiction of a case on appeal. See

Churchill v. Mayo, 224 S.W.3d 340, 344 (Tex.App.—Houston [1st Dist.] 2006, pet. denied); Buffalo Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277 (Tex.App.—Amarillo 1995, no writ). We do not presume jurisdiction. El-Kareh v. Tex. Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex.App.—Houston [14th Dist.] 1994, no pet.). If the record does not affirmatively demonstrate that we have jurisdiction, we must dismiss the appeal. Id.; Buffalo Royalty Corp., 906 S.W.2d at 277.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. See TEX. R. APP. P. 25.1; Thomas v. Neal, No. 07-01-00235-CV, 2001 Tex.App. LEXIS 5963, at *2 (Tex.App.—Amarillo Aug. 29, 2001, no pet.) (per curiam). Ordinarily, a notice of appeal must be filed within thirty days of the date the appealable order is signed. See TEX. R. APP. P. 26.1. If the appellant timely files, *inter alia*, a motion to reinstate, the deadline is extended, and the appellant must file his or her notice of appeal within ninety days of the date the trial court signed the appealable judgment. TEX. R. APP. P. 26.1(a). Following a dismissal for want of prosecution, a party must file a verified motion to reinstate within thirty days after the order of dismissal for want of prosecution. TEX. R. CIV. P. 165a(3).

It has become fairly well-established that an *unverified* motion to reinstate does not extend the trial court's plenary jurisdiction and does not extend the time in which to file a notice of appeal. See Butts v. Capitol City Nursing Home, Inc., 705 S.W.2d 696, 697 (Tex. 1986) (refusing writ of error because appellate court properly dismissed appeal for want of jurisdiction because the unverified motion to reinstate did not extend the time for perfecting appeal); see also McConnell v. May, 800 S.W.2d 194, 194 (Tex.

2

1990) (per curiam); Twist v. McAllen Nat'l Bank, 294 S.W.3d 255, 260 (Tex.App.—Corpus Christi 2009, no pet.).

Hosea's motion to reinstate was unverified.[1] As such, under the Butts/McConnell rule, it failed to extend the time in which she could timely file her notice of appeal. Based on the record before us, then, she had until April 23, 2009, to file her notice of appeal; she filed her notice of appeal on June 25, 2009.

Though the Texas Supreme Court has impliedly frowned on the Butts/McConnell rule, it has not expressly overruled those cases. See Guest, 195 S.W.3d at 688–89 (assuming that Butts and McConnell have "survive[d]" and citing several cases espousing a reasonable, but liberal, interpretation of the applicable rules so that the right of appeal is not lost due to overly technical application of rules). We are duty bound to follow the Texas Supreme Court's authoritative expressions of law. See In re K.S., 76 S.W.3d 36, 49 (Tex.App.—Amarillo 2002, no pet.); see also Swilley v. McCain, 374 S.W.2d 871, 875 (Tex. 1964) ("After a principle, rule or proposition of law has been squarely decided by the [Texas] Supreme Court, . . . the decision is accepted as a binding precedent by the same court or other courts of lower rank when the very point is

---

[1] Further, there was no affidavit or anything that could be said to serve as an effective substitute for verification. See Guest v. Dixon, 195 S.W.3d 687, 689 (Tex. 2006); Twist, 294 S.W.3d at 260; In re Dobbins, 247 S.W.3d 394, 396–97 (Tex.App.—Dallas 2008, orig. proceeding). Attached to Hosea's reply to Whittenburg's response to her motion to reinstate is her affidavit. To the extent a liberal application of the rules would allow her affidavit to serve as a substitute for verification, we observe that the reply was filed outside the trial court's unextended plenary jurisdiction. See McConnell, 800 S.W.2d at 194; see also Owen v. Hodge, 874 S.W.2d 301, 303 (Tex.App.—Houston [1st Dist.] 1994, no writ) (concluding that that appellant's verified motion for leave to supplement his unverified motion to reinstate was filed after the trial court's plenary jurisdiction had expired).

3

again presented in a subsequent suit between different parties."). That being so, <u>Butts</u> and <u>McConnell</u> remain the law under which we and our sister courts are duty bound to operate. See <u>Twist</u>, 294 S.W.3d at 262 (applying <u>Butts</u>/<u>McConnell</u> rule but noting Texas Supreme Court's ominous language in <u>Guest</u>); <u>Silguero v. State</u>, 287 S.W.3d 146, 149–50 (Tex.App.—Corpus Christi 2009, no pet.) (same); <u>In re Dobbins</u>, 247 S.W.3d 394, 396 (Tex.App.—Dallas 2008, orig. proceeding) (same); <u>In re Trinity Universal Ins. Co.</u>, No. 04-06-00471-CV, 2006 Tex.App. LEXIS 8550, at *5 (Tex.App.—San Antonio Oct. 4, 2006, orig. proceeding) (mem. op.) (same).

We, too, follow <u>Butts</u> and <u>McConnell</u> to conclude that the unverified motion to reinstate did not serve to extend the time in which Hosea could timely file a notice of appeal from the order dismissing her case for want of prosecution. She was, therefore, required to file her notice of appeal within thirty days of the date the trial court signed the order of dismissal. Her notice of appeal filed ninety-four days after that date was untimely and did not operate to invoke our jurisdiction.

Accordingly, we dismiss this appeal for want of jurisdiction.


Mackey K. Hancock
Justice