**Order filed October 19, 2017**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-17-00779-CV
_____

**DIERDRE VIA, Appellant**

**V.**

**LARRY WOODROW AND WARREN TREPTOW, Appellees**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 16-CV-1385**

---

# O R D E R

This is an appeal from a judgment signed August 18, 2017, dismissing the underlying case for want of prosecution. On September 12, 2017, appellant filed an unverified motion to reinstate the case under Texas Rule of Civil Procedure 165a(3).[1] An unverified motion to reinstate is a nullity and does not extend the appellate

---

[1] Absent a valid motion to reinstate, the trial court's plenary power expired on September 17, 2017, thirty days after the judgment was signed. Appellant filed a verified motion to reinstate on September 25, 2017, after the expiration of plenary power.

timetable. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (per curiam) (orig. proceeding); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986) (per curiam) (on application for writ of error).[2]

Because no timely post-judgment motion was filed, the notice of appeal was due September 17, 2017, thirty days after the judgment was signed. Tex. R. App. P. 26.1. Appellant filed her notice of appeal on October 2, 2017, a date within 15 days of the due date for the notice of appeal.

A motion for extension of time is necessarily implied when the perfecting instrument is filed within fifteen days of its due date. *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997). Appellant did not file a motion to extend time to file the notice of appeal. While an extension may be implied, appellant is still obligated to come forward with a reasonable explanation to support the late filing. *See Miller v. Greenpark Surgery Center Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Accordingly, we **ORDER** appellant to file a proper motion to extend time to file the notice of appeal by **October 30, 2017**. *See* Tex. R. App. P. 26.3; 10.5(b). If appellant does not comply with this order, we will dismiss the appeal. *See* Tex. R. App. P. 42.3.

PER CURIAM

---

[2] *McConnell* and *Butts* have been criticized but not overruled. *See Hosea v. Whittenburg*, 311 S.W.3d 704, 705–06 (Tex. App.—Amarillo 2010, pet. denied) (discussing criticism).