

**NUMBER 13-19-00004-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ZHAOHUI WANG,                                                            Appellant,

**V.**

XUEQIU SUN,                                                             Appellee.

### On Appeal from the County Court at Law
### of Kleberg County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellant Zhaohui Wang, proceeding pro se, attempted to perfect an appeal from a final judgment in a divorce proceeding entered by the County Court at Law of Kleberg County, Texas, in cause number 18-124-C. We dismiss the appeal for want of jurisdiction.

In this case, the trial court signed the final decree of divorce, which was based on a mediated settlement agreement, on June 19, 2018. Appellant filed a "Motion to Set Aside Default Judgment and Notice of Hearing" on August 13, 2018. The trial court denied appellant's motion to set aside the default judgment. Appellant filed his notice of appeal on December 20, 2018.

On January 3, 2019, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. *See* TEX. R. APP. P. 37.1, 42.3. Appellant did not directly respond to the Court's notice but did attempt to file a purported "Brief on the Merits" which alleges that his delay in perfecting the appeal was caused "by the court" and counsel for appellee. We note that neither the clerk's record nor a reporter's record has been filed in this case and appellant's brief fails to comply with the appellate rules. *See generally id.* R. 38.1.

To invoke this Court's jurisdiction, a party must file a timely notice of appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Yost v. Jered Custom Homes*, 365 S.W.3d 847 (Tex. App.—Dallas 2012, no pet.); *Hosea v. Whittenburg*, 311 S.W.3d 704, 705 (Tex. App.—Amarillo 2010, pet. denied); *see* TEX. R. APP. P. 25.1(b). Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when the notice of appeal is filed within thirty days after the judgment is signed. TEX. R. APP. P. 26.1. Where a timely motion for new trial or other appropriate post-judgment motion has been filed, the notice of appeal must be filed within ninety days after the judgment is signed. *See id.* R. 26.1(a). Rule 26.3 provides a fifteen-day extension

2

period for these deadlines if the notice of appeal is filed in the trial court and a motion for extension of time reasonably explaining the delay is filed in the appellate court. *See id.* R. 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See id.*; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18, 619 (1997) (construing the predecessor to Rule 26); *City of Dallas v. Hillis*, 308 S.W.3d 526, 529 (Tex. App.—Dallas 2010, pet. denied). However, even though a motion for extension of time is necessarily implied, it is still necessary for an appellant to reasonably explain the need for an extension. *See Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Baker v. Regency Nursing & Rehab. Ctrs., Inc.*, 534 S.W.3d 684, 685 (Tex. App.—Corpus Christi 2017, no pet.). If the notice of appeal is untimely, the reviewing court lacks jurisdiction and must dismiss the case. *Wilkins*, 160 S.W.3d at 564; *In re L.G.*, 517 S.W.3d 275, 277 (Tex. App.—San Antonio 2017, pet. denied); *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, LLP*, 404 S.W.3d 75, 80 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

The Court, having examined and fully considered the documents on file is of the opinion that appellant failed to timely perfect his appeal. Pursuant to Texas Rule of Appellate Procedure 26.1(a), appellant's notice of appeal was due on September 17, 2018, but was not filed until December 20, 2018, more than three months later. *See* TEX. R. APP. P. 26.1(a). We are not at liberty to extend this deadline other than as provided by the appellate rules. *See id.* R. 2 (stating that the appellate courts may suspend a

3

rule's operation in a particular case but may not "alter the time for perfecting an appeal in a civil case"). Unless the record affirmatively demonstrates the propriety of appellate jurisdiction, we must dismiss the appeal. *Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Hosea*, 311 S.W.3d at 704; *Saxa Inc. v. DFD Architecture Inc.*, 312 S.W.3d 224, 227 (Tex. App.—Dallas 2010, pet. denied). Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We deny appellee's request for damages.

NORA L. LONGORIA
Justice

Delivered and filed the
21st day of February, 2019.

4