

**NUMBER 13-19-00263-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**RONALD LILLARD,**                                                    **Appellant,**

**V.**

**KRIS-TV., ET AL.,**                                                     **Appellees.**

---

On appeal from the 28th District Court
of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Hinojosa

Appellant Ronald Lillard attempted to perfect an appeal from a final judgment in cause number 2018-DCV-4489-A in the 28th District Court of Nueces County, Texas. We dismiss the appeal for want of jurisdiction.

The trial court signed the motion to dismiss under the Texas Citizens Participation Act and awarded attorney's fees, costs, and sanctions on February 14, 2019. Appellant filed a motion for new trial on March 12, 2019 and filed his notice of appeal on June 6, 2019.

On June 7, 2019, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. *See* TEX. R. APP. P. 37.1, 42.3. Appellant did not file a response to the Court's notice or otherwise correct the defect.

To invoke this Court's jurisdiction, a party must file a timely notice of appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Yost v. Jered Custom Homes*, 365 S.W.3d 847, 847 (Tex. App.—Dallas 2012, no pet.); *Hosea v. Whittenburg*, 311 S.W.3d 704, 705 (Tex. App.—Amarillo 2010, pet. denied); *see* TEX. R. APP. P. 25.1(b). Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when the notice of appeal is filed within thirty days after the judgment is signed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial or other appropriate post-judgment motion has been filed, the notice of appeal must be filed within ninety days after the judgment is signed. *See id.* Rule 26.3 provides a fifteen-day extension period for these deadlines if the notice of appeal is filed in the trial court and a motion for extension of time reasonably explaining the delay is filed in the appellate court. *See id.* R. 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the

fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See id.*; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18, 619 (Tex. 1997) (construing the predecessor to Rule 26); *City of Dallas v. Hillis*, 308 S.W.3d 526, 529 (Tex. App.—Dallas 2010, pet. denied). However, even though a motion for extension of time is necessarily implied, it is still necessary for an appellant to reasonably explain the need for an extension. *See Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Baker v. Regency Nursing & Rehab. Ctrs., Inc.*, 534 S.W.3d 684, 685 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). If the notice of appeal is untimely, the reviewing court lacks jurisdiction and must dismiss the case. *Wilkins*, 160 S.W.3d at 564; *In re L.G.*, 517 S.W.3d 275, 277 (Tex. App.—San Antonio 2017, pet. denied); *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, LLP*, 404 S.W.3d 75, 80 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1(a), appellant's notice of appeal was due on May 15, 2019, but was not filed until June 6, 2019. *See* TEX. R. APP. P. 26.1(a). This date was outside of the potential fifteen-day grace period for an extension of time provided by the appellate rules. *See id*. R. 26.3. We are not at liberty to extend this deadline other than as provided by the appellate rules. *See id*. R. 2 (stating that the appellate courts may suspend a rule's operation in a particular case but may not "alter the time for perfecting an appeal in a civil case"). And, unless the record affirmatively demonstrates the propriety of appellate jurisdiction, we must dismiss the appeal. *Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Hosea*, 311 S.W.3d

at 704; *Saxa Inc. v. DFD Architecture Inc.*, 312 S.W.3d 224, 227 (Tex. App.—Dallas 2010, pet. denied).

The Court, having examined and fully considered the documents on file is of the opinion that appellant failed to timely perfect his appeal. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

LETICIA HINOJOSA
Justice

Delivered and filed the
25th day of July, 2019.

4