

NUMBER 13-19-00380-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JUAN ANTONIO RIVERA AND
LUZ MARIA RIVERA,                                                    **Appellants,**

**v.**

WILLIAM MCCASKILL,                                                   **Appellee.**

**On appeal from the 267th District Court
of Victoria County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellants Juan Antonio Rivera and Luz Maria Rivera attempted to perfect an appeal from a final judgment rendered in trial court cause number 19-01-83907-C in the 267th District Court of Victoria County, Texas. We dismiss the appeal for want of jurisdiction.

The trial court signed the final judgment in this case on April 9, 2019. It appears that appellants filed motions for new trial on June 6, 2019 and on July 11, 2019. Appellants did not file their notice of appeal until August 9, 2019. On August 9, 2019, the Clerk of this Court notified appellants that it appeared that the appeal was not timely perfected. Appellants were advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. *See* TEX. R. APP. P. 37.1, 42.3. Appellants did not correct the defect or otherwise respond to the Court's notice.

To invoke this Court's jurisdiction, a party must file a timely notice of appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Yost v. Jered Custom Homes*, 365 S.W.3d 847, 847 (Tex. App.—Dallas 2012, no pet.); *Hosea v. Whittenburg*, 311 S.W.3d 704, 705 (Tex. App.—Amarillo 2010, pet. denied); *see* TEX. R. APP. P. 25.1(b). Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when the notice of appeal is filed within thirty days after the judgment is signed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial or other appropriate post-judgment motion has been filed, the notice of appeal must be filed within ninety days after the judgment is signed. *See id.* A motion for new trial is due prior to or within thirty days after the judgment or other order complained of is filed. *See* TEX. R. CIV. P. 329b(a). An untimely filed motion for new trial does not extend the deadline for appeal. *See id.*; *see also* TEX. R. APP. P. 26.1; *Penny v. Shell Oil Prods. Co.*, 363 S.W.3d 694, 699 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi–Edinburg 2011, pet. denied). If the notice

of appeal is untimely, the reviewing court lacks jurisdiction and must dismiss the case. *Wilkins*, 160 S.W.3d at 564; *In re L.G.*, 517 S.W.3d 275, 277 (Tex. App.—San Antonio 2017, pet. denied); *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, LLP*, 404 S.W.3d 75, 80 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

The Court, having examined and fully considered the documents on file, is of the opinion that appellants failed to timely perfect their appeal. Appellants' motions for new trial were untimely, and accordingly, their notice of appeal was due thirty days after the judgment was signed, or May 9, 2019, but the notice of appeal was not filed until August 9, 2019. We are not at liberty to extend the deadline to file the notice of appeal other than as provided by the appellate rules. *See id.* TEX. R. APP. P. 2 (stating that the appellate courts may suspend a rule's operation in a particular case but may not "alter the time for perfecting an appeal in a civil case").

Unless the record affirmatively demonstrates the propriety of appellate jurisdiction, we must dismiss the appeal. *Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Hosea*, 311 S.W.3d at 704; *Saxa Inc. v. DFD Architecture Inc.*, 312 S.W.3d 224, 227 (Tex. App.—Dallas 2010, pet. denied). Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

DORI CONTRERAS
Chief Justice

Delivered and filed the 12th
day of September, 2019.

3