

# NUMBERS 13-20-00379-CV AND 13-20-00380-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE GUARDIANSHIP OF SHELLEY THOMSON
## A/K/A SHELLEY SUE THOMSON, AN INCAPACITATED PERSON

**On appeal from the County Court at Law
of Comal County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Tijerina**

In appellate cause 13-20-00379-CV, appellants Shelly Thomson, Phil Ross, and Joann Rivera appeal from the trial court's July 17, 2019 order. By one issue, appellants contend that the trial court's order deprived Thomson of her right to retain counsel and of Ross's right to represent Thomson. In appellate cause 13-20-00380-CV, appellants appeal from the trial court's August 19, 2019 order. We dismiss the appeals in both

causes.[1]  *See* TEX. R. APP. P. 43.2.

## I.  BACKGROUND

The trial court appointed appellee the Texas Health & Human Services Commission (the Commission) Thomson's permanent guardian on May 23, 2019 after conducting a hearing regarding Thomson's health issues. Neither Ross nor Rivera were involved in that proceeding. On June 17, 2019, Ross filed a notice of appearance asserting that Thomson had hired him to represent her and a verified motion for temporary restraining order and temporary injunction asking that the trial court issue an injunction allowing Thomson to access "her home, income, automobile and her personal property, to prevent interference with her normal daily activities by her guardian, and to have the fullest access to supports and services in the social settings that she prefers in order to fully exercise her rights to health maintenance and restoration." Ross also requested that the trial court grant a temporary injunction to allow Thomson to among other things chose her attorney.

On July 1, 2019, pursuant to rule 12, the Commission filed a motion to show authority alleging that Thomson lacked capacity to hire Ross as her attorney and requesting that the trial court strike Ross's June 17 pleadings. *See* TEX. R. CIV. P. 12. The Commission requested a hearing so that Ross could appear and show his authority to serve as Thomson's attorney. Ross filed a reply to the motion to show authority. The trial court granted the Commission's motion in part on July 17, 2019. Specifically, the trial

---

[1] These causes were severed from appellate cause 13-19-00517-CV, which was transferred from the Third Court of Appeals in Austin to this Court pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

court ordered "that until such time as an attorney-client contract is submitted and approved by the Court, the Court finds the current attorney-client contact void." However, the trial court did not strike Ross's pleadings, and instead, it construed them as a complaint. On August 19, 2019, the trial court denied the relief requested by Ross in his June 17 pleadings. These appeals followed.

## II.   THE AUGUST 19 ORDER IS UNTIMELY

A party must file a timely notice of appeal to invoke appellate court jurisdiction. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Yost v. Jered Custom Homes*, 365 S.W.3d 847, 847 (Tex. App.—Dallas 2012, no pet.); *Hosea v. Whittenburg*, 311 S.W.3d 704, 705 (Tex. App.—Amarillo 2010, pet. denied); *see* TEX. R. APP. P. 25.1(b). Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when the notice of appeal is filed within thirty days after the judgment is signed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial or other appropriate post-judgment motion has been filed, the notice of appeal must be filed within ninety days after the judgment is signed. *See id.* Rule 26.3 provides a fifteen-day extension period for these deadlines if the notice of appeal is filed in the trial court and a motion for extension of time reasonably explaining the delay is filed in the appellate court. *See id.* R. 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See id.*; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18, 619 (Tex. 1997) (construing the predecessor to Rule 26); *City of Dallas v. Hillis*, 308 S.W.3d 526, 529 (Tex. App.—Dallas 2010, pet. denied).

3

However, even though a motion for extension of time is necessarily implied, it is still necessary for an appellant to reasonably explain the need for an extension. *See Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Baker v. Regency Nursing & Rehab. Ctrs., Inc.*, 534 S.W.3d 684, 685 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). If the notice of appeal is untimely, the reviewing court lacks jurisdiction and must dismiss the case. *Wilkins*, 160 S.W.3d at 564; *In re L.G.*, 517 S.W.3d 275, 277 (Tex. App.—San Antonio 2017, pet. denied); *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, LLP*, 404 S.W.3d 75, 80 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1(a), because appellants did not file a motion for new trial, their notice of appeal was due on September 18, 2019 but was not filed until December 31, 2019. *See* TEX. R. APP. P. 26.1(a). This date was outside of the potential fifteen-day grace period for an extension of time provided by the appellate rules. *See id*. R. 26.3. We are not at liberty to extend this deadline other than as provided by the appellate rules. *See id*. R. 2 (stating that the appellate courts may suspend a rule's operation in a particular case but may not "alter the time for perfecting an appeal in a civil case"). And, unless the record affirmatively demonstrates the propriety of appellate jurisdiction, we must dismiss the appeal. *Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Hosea*, 311 S.W.3d at 704; *Saxa Inc. v. DFD Architecture Inc.*, 312 S.W.3d 224, 227 (Tex. App.—Dallas 2010, pet. denied).

On December 10, 2020, the Clerk of the Court sent notice to appellants to correct this defect if it was possible. We further informed appellants that the appeal would be dismissed if they failed to cure the defect after the expiration of ten days from the date of our letter. *See* TEX. R. APP. P. 43.2. Appellants filed a response. However, they have not cured this defect.[2] Accordingly, the Court, having examined and fully considered the documents on file is of the opinion that the appeal should be dismissed.[3]

### III.    THE JULY 17, 2019 ORDER IS NOT FINAL

"A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act." *Id.* "Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears." *Id.*

An appeal may be taken only from a final judgment, unless a statute expressly authorizes an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Orders on rule 12 motions are usually interlocutory and not final until merged into a final judgment. *In re Guardianship of Benavides*, 403 S.W.3d 370, 373–74 (Tex. App.—San Antonio 2013,

---

[2] Appellants request the Court to waive the thirty-day deadline, however as previously stated, jurisdiction cannot be extended or waived.

[3] In their response to our defect letter, appellants argue that they did not participate in the hearing because they lacked notice and appear to argue the elements of a restricted appeal. However, appellants have not filed a notice of restricted appeal. *See* TEX. R. APP. P. 25.1(d)(7) (explaining the requirements for filing a notice of restricted appeal).

pet. denied); *State Bd. of Ins. v. Williams*, 736 S.W.2d 259, 260–61 (Tex. App.—Austin 1987, no writ). However, in *In re Guardianship of Benavides*, the parties in a guardianship proceeding challenged a rule 12 order, which the appellees argued was not final for purposes of appeal. 403 S.W.3d at 374. The court of appeals concluded that the rule 12 order was final for purposes of appeal because it "finally disposed of all issues raised in the rule 12 motion to show authority[] and concluded a discrete phase of the guardianship proceedings." *Id.*; *see De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex. 2006) ("Not every interlocutory order in a probate case is appealable, however, and determining whether an otherwise interlocutory probate order is final enough to qualify for appeal, has proved difficult.").

Here, the Commission pursuant to rule 12 requested for the trial court to conclude that Ross could not appear as Thomson's attorney and to strike the June 17 pleadings filed by Ross on Thomson's behalf. The trial court's order stated that Ross could no longer appear as Thomson's attorney of record until Ross produced a valid contract. However, the trial court did not strike the June 17 pleadings filed by Ross as requested by the Commission and as required by rule 12. Instead, the trial court construed Ross's pleadings as a complaint and allowed Ross to appear on behalf of Thomson to argue in support of the June 17 pleadings. Thus, the July 17 order is not a rule 12 order, and it does not dispose of all issues raised by the Commission's rule 12 motion as it did not strike the June 17 pleadings. Thus, we conclude that under these circumstances, the July 17 order is not a final rule 12 order because the trial court did not strike Ross's June 17 pleadings, it did not conclude a discrete phase of the guardianship proceedings, and the

6

trial court has not prevented Ross from filing any other pleadings on Thomson's behalf. In fact, the trial court held a hearing on Ross's June 17 pleadings and ruled on the merits of those pleadings in its August 19 order.[4] Ross cites no authority and we find none supporting a conclusion that the July 17 order is an appealable rule 12 order. *See In re Guardianship of Benavides*, 403 S.W.3d at 374; *Logan v. McDaniel*, 21 S.W.3d 683, 689 (Tex. App.—Austin 2000, pet. denied) (holding that a rule 12 order was final and appealable when no issues raised in the motion to show authority remained unresolved); *see also Matter of Guardianship of Thrash*, No. 04-19-00477-CV, 2020 WL 4046522, at *3 (Tex. App.—San Antonio July 15, 2020, no pet h.) (mem. op.) (concluding that "the trial court's order striking the pleadings did not conclude a discrete phase of the guardianship proceeding" and was therefore "interlocutory and not appealable").

On December 8, 2020, the Clerk of this Court notified appellants that their notice of appeal was defective because it was not an appealable order. We further informed appellants that the appeal would be dismissed if they failed to cure the defect after the expiration of ten days from the date of our letter. *See* TEX. R. APP. P. 43.2. Appellants filed a response, but as explained above, they have not cured the defect. Accordingly, the Court, having examined and fully considered the documents on file is of the opinion that the appeal should be dismissed.

---

[4] Thus, appellants' arguments are without merit because as mentioned above, the trial court did not strike Ross's June 17 pleadings, and it considered the merits of Ross's June 17 pleadings and ruled on them in its August 19 order. However, as set out above, appellants' notice of appeal of the August 19 order was untimely.

### IV.   CONCLUSION

We DISMISS the appeals in appellate cause 13-20-00380-CV and in appellate cause 13-20-00379-CV for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JAIME TIJERINA
Justice

Delivered and filed on the
21st day of January, 2021.