In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00212-CV
_____

JAMES TRIMBLE, Appellant

V.

HILDA THERESA MUNIZ, Appellee

On Appeal from the County Court at Law No. 6
Montgomery County, Texas
Trial Cause No. 23-33033

## MEMORANDUM OPINION

James Trimble filed a Notice of Appeal fifty-eight days after the trial court signed a final Order of Dismissal for Failure to Appear for Trial Announcement Docket. Although Trimble had timely filed a motion to reinstate the case in the trial court, the motion was not verified. Because the Notice of Appeal was untimely, we dismiss the appeal for lack of jurisdiction.

1

## Background

Acting pro se, Trimble perfected an appeal de novo to the County Court at Law No. 6 after the justice court found for the defendant in a bench trial. On March 13, 2023, the trial court issued a notice resetting the trial date to May 1, 2023. The Notice of Reset instructed the parties that the Trial Announcement Docket would be heard on the Tuesday before trial and that "failure to call in for the Trial Announcement Docket may result in the case being dismissed."

On April 25, 2023, the trial court signed an Order of Dismissal indicating the parties failed to "timely contact the Court of the required Trial Announcement Docket." On April 26, 2023, Trimble filed a Motion to Reinstate Case on Docket" with an attached statement in which Trimble apologizes for not contacting the court administrator on April 25, 2023, and explains that he had swollen throat glands on that date. The Motion to Reinstate and the attached statement are signed by Trimble but not verified in any manner. The trial court denied the Motion to Reinstate in a written order signed on May 26, 2023.

On June 1, 2023, Trimble filed a Motion of Plaintiff to Reconsider Order. The following day Trimble amended his motion to reconsider. Neither motion was verified. On June 16, 2023, (fifty-two days after dismissal) Trimble filed a Motion to Reinstate, Motion for New Trial, Motion to Modify Judgment and Notice of

2

Hearing. For the first time Trimble attached an unsworn declaration under penalty of perjury that "the facts stated in this *Motion to Reinstate* are within my personal knowledge and are true and correct." *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001. Trimble filed a notice of appeal on June 22, 2023.

## Jurisdiction

An appellate court is "obligated to review *sua sponte* issues affecting jurisdiction." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004); *see also Unifund CCR, LLC v. Whitaker*, No. 09-19-00420-CV, 2021 WL 6138972, at *1 (Tex. App.—Beaumont Dec. 30, 2021, no pet.) (mem. op.) (addressing *sua sponte* whether unverified motion to reinstate extended the time for filing a regular notice of appeal from thirty to ninety days).

If a party has filed a motion which extends the trial court's plenary power, such as a motion to reinstate in compliance with Texas Rule of Civil Procedure 165a, the deadline for filing a notice of appeal is ninety days after the trial court's signing of the final order. *See* Tex. R. Civ. P. 165a; Tex. R. App. P. 26.1. Otherwise, the deadline is thirty days. The Texas Supreme Court has stated that an unverified motion to reinstate does not extend the trial court's plenary jurisdiction beyond thirty days after the order of dismissal is signed. *See McConnell v. May,* 800 S.W.2d 194, 194 (Tex.1990) (orig. proceeding); *Butts v. Capitol City Nursing Home, Inc.,* 705

3

S.W.2d 696, 696 (Tex.1986); *see also In re K.M.L.*, 443 S.W.3d 101, 110 (Tex. 2014); *Guest v. Dixon*, 195 S.W.3d 687, 688 (Tex. 2006) (assuming that the rule in *Butts* and *McConnell* survives later cases expressing the Court's position that a party should not lose the right to appeal because of an overly technical application of the law). "After the trial court's plenary power expires, it can take no further action on the case." *See Westbrook v. Heirs of Crockett*, No. 09-17-00073-CV, 2018 WL 2247088, at *2 (Tex. App.—Beaumont May 17, 2018, no pet.) (mem. op.) (citing Tex. R. Civ. P. 329b(d)). "The time limits provided in Rule 165a are mandatory and jurisdictional; orders of reinstatement entered after the expiration of the trial court's plenary power are void." *Id*. The Texas Supreme Court has not expressly overruled *Butts* and *McConnell*; thus, we are duty bound to follow the authoritative expression of law stated in those cases. *Hosea v. Whittenberg*, 311 S.W.3d 704, 705 (Tex. App.—Amarillo 2010, pet. denied).

Trimble filed a motion to reinstate within thirty days but the motion was unverified and Trimble did not file a verified motion until more than thirty days after the trial court dismissed the case. The trial court did not err by denying Trimble's motion to reinstate because the unverified motion did not extend the trial court's plenary power over the case. *Id*. Because a plenary-power-extending motion was not filed, Trimble failed to file a timely notice of appeal for an ordinary appeal. *See* Tex.

4

R. App. P. 26.1. Without a timely notice of appeal, we lack jurisdiction.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See id*. 43.2(f).

APPEAL DISMISSED.

KENT CHAMBERS
Justice

Submitted on January 24, 2025
Opinion Delivered March 6, 2025

Before Johnson, Wright and Chambers, JJ.